### Al Plopper, Appellee, v. The St. Louis & Northeastern Railway Company, Appellant.

INSTRUCTIONS—*ignoring defense.* An instruction which directs a verdict for plaintiff if certain specified facts are found is erroneous if it excludes any material issue.

Action in case. Appeal from the City Court of Litchfield; the Hon. PAUL McWILLIAMS, Judge, presiding. Heard in this court at the May term, 1910. Reversed and remanded. Opinion filed October 18, 1910.

AMOS MILLER and GEORGE W. BLACK, for appellant.

T. A. GASAWAY, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action on the case by appellee against appellant, the trial of which resulted in a judgment in favor of the plaintiff for the sum of $150. The first count of the declaration alleges that appellee was a passenger on the car of appellant, having paid his fare to be conveyed from Staunton to Litchfield; that it was the duty of appellant to so convey him; that the servants of appellant, while within the scope of their duty, wilfully and maliciously caused him to be ejected from said car, by reason whereof he was obliged to procure other conveyance and to incur additional expense to reach his destination. The second count alleges that the servants of appellant wilfully and maliciously and with force and violence pushed and shoved appellee from the car. Appellant filed a plea of not guilty.

The evidence shows that appellee, who lived in Litchfield, purchased of the agent of appellant at Litchfield, a ticket to Staunton and return; that he boarded the car of appellant at Staunton on his return home; that two of his brothers, John and Ben, were on the car with him, and that a dispute arose between them and the conductor as to the payment of the fare of Ben, and that the conductor ordered the latter to pay his fare or get off the car; that a controversy then arose between the conductor, appellee and his brother as to the details of which the evidence was in irreconcilable conflict, but which resulted in the conductor compelling appellee to leave the car. The evidence fails to show, however, that force and violence were used, as alleged in the second count of the declaration.

By the second instruction given at the request of appellee, the court instructed the jury that if they believed from a preponderance of the evidence that the plaintiff was a passenger on the defendant's car and that its agents or servants having in charge the management of said car, ordered and commanded the plaintiff to leave said car, in consequence of which order and command the plaintiff without any resist-

ance left the car in a peaceable manner, he was entitled to recover. The instruction was palpably bad. It directed a verdict in case appellee left the car peaceably upon the command of appellant's servants, regardless of whether or not any actions of appellee necessitated or justified such command. The instruction being mandatory in form, the error in giving the same was not cured by other instructions given.

The judgment of the City Court will be reversed and the cause remanded.

*Reversed and remanded.*